J-S49005-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH GARCIA | : | |
| | : | |
| Appellant | : | No. 487 WDA 2020 |

Appeal from the Judgment of Sentence Entered March 13, 2020
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000607-2014

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: FILED JANUARY 25, 2021

Appellant, Joseph Garcia, appeals from the March 13, 2020 judgment of sentence entered in the Criminal Division of the Court of Common Pleas of Crawford County that imposed an aggregate punishment of nine to 60 months' incarceration following revocation of Appellant's probationary sentence. In addition, Appellant's attorney, Emily M. Merski, Esq. ("Attorney Merski"), filed an Anders brief[1] and a petition to withdraw. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The facts and procedural history of this case are as follows. On March 12, 2015, Appellant entered guilty pleas to charges of indecent

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Anders v. California, 386 U.S. 738 (1967); see also Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009) and Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981).

assault – person less than 13 years of age (18 Pa.C.S.A. § 3126(a)(7)) and corruption of minors (18 Pa.C.S.A. § Pa.C.S.A. § 6301(a)(1)(i)). On September 11, 2015, after Appellant entered his guilty pleas, the trial court directed Appellant to serve 24 to 48 months' incarceration for indecent assault, followed by three years' probation. In addition, the court ordered Appellant to serve five years' probation for corruption of minors to run consecutive to his three-year probationary sentence for indecent assault. Finally, the court found that Appellant met the criteria to be deemed a sexually violent predator (SVP). See 42 Pa.C.S.A. §§ 9799.10 et seq.

After Appellant served the maximum period of incarceration for his indecent assault conviction, he commenced service of his probationary sentences. On October 18, 2019, the Crawford County Adult Probation Department filed a notice of alleged violations. The department alleged that Appellant had direct, unsupervised contact with two minor children who stayed overnight at his residence on September 20 and 21, 2019. According to the department, this conduct violated the terms of Appellant's probationary counseling program, resulted in his unsuccessful discharge from sex-offender therapy, and breached restrictions imposed by his SVP status.

Following a Gagnon I[2] hearing, the trial court found probable cause to believe that Appellant violated the terms of his supervision. Thereafter, at the conclusion of a Gagnon II hearing convened on December 17, 2019,

_____

[2] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

Appellant admitted the violations. Unsatisfied by the fact that Appellant's explanations of the violations did not align with the facts alleged by the department, the court scheduled a supplemental hearing on January 24, 2020 to hear and consider additional testimony regarding the allegations set forth in the department's notice.

On March 13, 2020, the trial court conducted a dispositional hearing during which it revoked Appellant's probation. Consequently, the court re-sentenced Appellant to serve an aggregate term of 15 to 96 months in prison.[3] Appellant did not orally request the court to reconsider his sentence at the March 13, 2020 hearing, nor did he file a post-sentence motion seeking modification of his sentence. This timely appeal followed.[4]

Attorney Merski filed an Anders brief and a petition to withdraw as Appellant's counsel. Counsel's Anders brief raised an issue challenging the discretionary aspects of Appellant's revocation sentence, alleging that the court abused its discretion in imposing a punishment that is manifestly excessive, unreasonable, and inconsistent with the objectives of the sentencing code. Preliminarily, we address Attorney Merski's petition to

_____

[3] Specifically, the court ordered Appellant to serve six to 36 months' incarceration for indecent assault. In addition, the court ordered Appellant to serve nine to 60 months' incarceration for corruption of minors, consecutive to the newly-imposed sentence for indecent assault. Appellant received six months' credit for time served.

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

withdraw and the accompanying Anders brief, both alleging this appeal is frivolous.

"When presented with an Anders brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."  Commonwealth v. Daniels, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted).  In order to withdraw pursuant to Anders, counsel must:  (1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and, (3) furnish a copy of the brief to defendant and advise him [by letter] of his right to retain new counsel, proceed pro se or raise any additional points that he deems worthy of the court's attention. Commonwealth v. Millisock, 873 A.2d 748, 751 (Pa. Super. 2005). Counsel seeking to withdraw must attach to their petitions a copy of the letter advising their clients of the aforementioned rights.  See id. at 752.  An Anders brief "must [meet] the requirements established by our Supreme Court in Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009)." Commonwealth v. Harden, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted).  Specifically, counsel's Anders brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Id. (citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." Commonwealth v. Goodwin, 928 A.2d 287, 291 (Pa. Super. 2007) (en banc) (citation and internal quotation marks omitted).

Instantly, Attorney Merski satisfied the technical requirements of Anders and Santiago. In her Anders brief, counsel identified the pertinent factual and procedural history and made reference to the facts and proceedings of record. Counsel raises a claim challenging the discretionary aspects of Appellant's revocation sentence that could arguably support an appeal but, ultimately, counsel concludes the appeal is frivolous. Counsel also attached to her petition a letter to Appellant that fulfills the notice requirements of Millisock.[5] Appellant has not filed a response to counsel's letter, the Anders brief, or the petition to withdraw. Accordingly, we proceed

_____

[5] Our review of the record confirms that Attorney Merski forwarded copies of the Millisock letter, the Anders brief, and her petition to withdraw to Appellant.

to conduct an independent review of the record to determine whether the appeal is wholly frivolous.

In her Anders brief, counsel raises the following issue on Appellant's behalf:

> 1. Whether the sentencing court abused its discretion when re-sentencing [Appellant] such that the [new] sentence is manifestly excessive, unreasonable and inconsistent with the objectives of the sentencing [code]?

Anders Brief at 4 (cleaned up; block capitalization omitted). This issue raises a challenge to the discretionary aspects of Appellant's revocation sentence.[6]

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P.

_____

[6] Counsel's Anders brief omitted a copy of the Pa.R.A.P. 1925(b) statement. See Pa.R.A.P 2111(d) (a copy of the Pa.R.A.P. 1925(b) statement filed with trial court shall be appended to Appellant's brief; if the trial court has not entered an order directing the filing of such statement, briefs shall contain an averment that no order to file Rule 1925(b) statement was entered). This omission has not significantly impeded appellate review. Moreover, whenever an issue, which is otherwise waived on appeal, is raised in the context of an Anders brief, we will consider the issue to determine its merit. Commonwealth v. Hernandez, 783 A.2d 784, 787 (Pa. Super. 2001) (holding that Anders requires the review of issues otherwise waived on appeal).

2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

Commonwealth v. Starr, 234 A.3d 755, 759 (Pa. Super. 2020) (internal citations and quotations omitted).

Appellant timely filed a notice of appeal and included a Rule 2119(f) concise statement in the Anders brief. Appellant has not, however, preserved his discretionary sentencing challenge by seeking modification of his sentence orally before the court or by timely filing a post-sentence motion challenging the excessiveness of the sentence. Thus, Appellant has not validly invoked the jurisdiction of this Court to consider his discretionary sentencing challenge.

Even if we move past Appellant's failure to preserve his discretionary sentencing challenge before the trial court and examine whether Appellant has presented a substantial question for our review, we would conclude that Appellant has fallen short on this prerequisite as well. In his Rule 2119(f) statement, Appellant baldly asserts that the trial court imposed an excessive sentence in violation of 42 Pa.C.S.A. § 9721. Here, Appellant's aggregate sentence of 15 to 96 months' incarceration consisted of a six-to-36 month sentence for indecent assault followed consecutively by a sentence of nine-to-60 months' incarceration for corruption of minors. It is well-settled, however, that a bald claim of excessiveness, even due to the consecutive nature of a sentence, does not ordinarily raise a substantial question. See Commonwealth v. Dodge, 77 A.3d 1263, 1270 (Pa. Super. 2013), appeal

denied, 91 A.3d 161 (Pa. 2014); see also Commonwealth v. Moury, 992 A.2d 162, 171-172 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

Finally, turning to the substantive merit of Appellant's discretionary sentencing challenge, it is immediately evident that any such claim is utterly devoid of merit. We review Appellant's challenge to the discretionary aspects of his sentence following the revocation of his probation using the following standard.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Commonwealth v. Simmons, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

Because Appellant challenges a sentence imposed following revocation of his probation, the sentencing guidelines do not apply and the proper focus of appellate review looks to the provisions of the Sentencing Code found at 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S. § 9771(c). See Commonwealth v. Williams, 69 A.3d 735, 741 (Pa. Super. 2013); Commonwealth v. Coolbaugh, 770 A.2d 788, 792 (Pa. Super. 2001). Section 9721(b) provides in pertinent part as follows:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Section 9771(c) limits the range of sentencing alternatives available to the revocation court when considering a sentence of total confinement. It states in relevant part:

> (c) Limitation on sentence of total confinement.—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Weighing these standards, and based upon our independent review of the record, we are convinced that the trial court acted well within the scope of its discretion when it imposed the revocation sentence challenged herein. In its amended order of sentence, the trial court noted:

> The [trial c]ourt believes the violation is significant when placed with[in] the backdrop of [Appellant's record of child sexual assault convictions in 1983, 2003, and 2013], as well as his history in the case and other prior findings, but most importantly, based upon the fact that [Appellant], after being in programming for over a

- 9 -

year, did not seem to understand the impact of the situation or of the choices that he was making.

This sentence is essential to vindicate the authority of the [c]ourt and to protect the community and those around [Appellant]. It is reached only after a careful [deliberative] process of the standard sentencing factors, as well as looking into the revocation rules and the [c]ourt has contemplated all the lesser levels of incarceration and believes that [Appellant's] history, including the fact that he maxed out previously, all point to a state prison sentence being the only viable option in the case.

The [c]ourt believes the length of the sentence is appropriate to note the significance of the issue and more importantly to give [Appellant] time to complete programming in an appropriate State Correctional Program for sex offenders. The [c]ourt did not believe imposing a probationary tail was appropriate as the supervision should occur at a parole level with any violations in the future arising through the parole violation process.

Amended Order, 3/19/20, at 2 para. 5-7 (paragraph numbering omitted).

There is ample and undisputed evidence in the record to support the trial court's decision to impose a revocation sentence consisting of total confinement, as it did. Accordingly, because the record supports Attorney Merski's assessment that Appellant's appeal is wholly frivolous, and because our independent review of the record reveals no additional, non-frivolous claims, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2021